IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| ORVILLE WILLIAMS, | § | Case No.: |
| | § | |
| Plaintiff, | § | |
| | § | |
| – vs – | § | PLAINTIFF'S COMPLAINT AND |
| | § | DEMAND FOR JURY TRIAL |
| NELSON CRUZ & ASSOCIATES, | § | |
| | § | |
| Defendant. | § | |
| | § | |

## COMPLAINT

NOW COMES Plaintiff, ORVILLE WILLIAMS ("Plaintiff"), through his attorneys, hereby alleges the following against Defendant, NELSON CRUZ & ASSOCIATES ("Defendant"):

### Nature of the Action

1. This action is brought by Plaintiff pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

2. The Texas Debt Collection Act ("TDCA"), Tex. Fin. Code § 392.001 *et seq*.

### Parties

3. Plaintiff is a natural person residing, in Lubbock, Texas sitting in the County of Lubbock, and is otherwise *sui juris*.

4. Plaintiff is a consumer as defined by 15 U.S.C. § 1692a (3) and Tex. Fin. Code § 392.001.

5. Defendant is a Texas corporation conducting business in the State of Texas and has its principal place of business in Dallas, Texas.

6. Defendant is a debt collector as defined by 15 U.S.C. § 1692a (6) and Tex. Fin.

Code § 392.001 who sought to collect a consumer debt from Plaintiff.

7. Defendant acted though its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

### Jurisdiction and Venue

8. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

9. Supplemental jurisdiction over the TDCA arises under 28 U.S.C. § 1367.

10. Because Defendant conducts business in Texas, personal jurisdiction is established.

11. Venue is proper in the United States District Court Northern District of Texas pursuant to 28 U.S.C § 1391(b)(2) because Plaintiff resides within this District and a substantial part of the events or omissions giving rise to the herein claims occurred within this District.

### Factual Allegations

12. On or around June 25, 2020, Defendant placed a collection call to Plaintiff in connection with its attempts to collect an alleged debt.

13. The alleged debt arises from transactions for personal, family, and household purposes.

14. Defendant called Plaintiff at telephone number (806) 535-XXXX.

15. On or around June 25, 2020, Defendant placed a collection call to Plaintiff and left a message on Plaintiff's voicemail.

16. The voicemail message stated:

Yes, my name is Mr. Gonzales, you've reached my office. If you can return my call at 1 (888) 757-3930 and speak to Mr. Gonzales at extension 523 in regard to a

case pending matter and speak to Mr. Gonzales. Thank you.

17.     In the voicemail message, Defendant failed to meaningfully disclose its identity, the nature of the call, or state that it was a debt collector.

18.     In the voicemail message, Defendant directed Plaintiff return its call by calling telephone number (888) 757-3930, which is a number assigned to Defendant.

19.     Defendant's reference to a "case pending" was false, deceptive, and/or misleading as no legal action was "pending" nor did Defendant intend to take any legal action at the time it left the voicemail message.

20.     Defendant withheld the true purpose and nature of its call, and used false, deceptive, and misleading representations, in connection with its attempts to collect payment from Plaintiff on the alleged debt.

21.     Defendant is engaging in conduct the natural consequence of which is to harass, oppress, and abuse Plaintiff in connection with attempting to collect on a debt by failing to meaningfully disclose its identity in phone calls.

22.     Defendant is also using false, deceptive and misleading means in connection with attempting to collect a debt by not identifying the purpose of its phone calls or that they are an attempt to collect a debt.

## FIRST CAUSE OF ACTION

## DEFENDANT VIOLATED THE FDCPA *15 U.S.C. § 1692 et seq*.

23.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-22.

24.     Defendant's violations of the FDCPA include, but are not limited to, the following:

a. Defendant violated *§1692(d)* of the FDCPA by engaging in conduct of which the natural result is the abuse and harassment of the Plaintiff;

b. Defendant violated *§1692(d)(6)* of the FDCPA by failing to meaningfully disclose its identity;

c. Defendant violated *§1692(e)* of the FDCPA by any other false, deceptive, or misleading representation or means in connection with the debt collection;

d. Defendant violated *§1692(10)* of the FDCPA by using false represetations and/or deceptive means to attempt to collect an alleged debt; and

e. Defendant violated *§1692(e)(11)* of the FDCPA by failing to contain the warning: This is an attempt to collect a debt… communication is from a debt collector.

## SECOND CAUSE OF ACTION

## DEFENDANT VIOLATED THE TDCA *§ 392.001 et seq.*

25. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-22.

26. Defendant's violations of the TDCA include, but are not limited to, the following:

a. Defendant violated *§ 392.304(a)(5)(b)* of the TDCA by placing a telephone call and failing to disclose Defendant as a debt collector;

b. Defendant violated *§ 392.304(a)(8)* of the TDCA by misrepresenting the character of the alleged debt or the alleged debt's status in a judicial proceeding; and

c. Defendant violated *§ 392.304(a)(19)* of the TDCA by using false, deceptive,

or misleading representation or means in connection with the debt collection.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for the following:

### FIRST CAUSE OF ACTION

27. Statutory damages of $1000.00 pursuant to 15 U.S.C. § 1692k;

28. Reasonable attorneys' fees, costs pursuant to 15 U.S.C. § 1692k; and

29. Awarding such other and further relief as may be just, proper and equitable.

### SECOND CAUSE OF ACTION

30. Actual damages pursuant to Tex. Fin. Code § *392.403(2)* or statutory damages of no less than $100 pursuant to § 392.403(2)(3), whichever is greater; and

31. Reasonable attorney's fees, costs pursuant to § *392.403(2)(b).*

## **JURY TRIAL DEMAND**

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted,

Dated: March 5, 2021

By: /s/ Adam T. Hill
Adam T. Hill
The Law Offices of Jeffrey Lohman, P.C.
28544 Old Town Front Street, Suite 201
Temecula, CA 92880
T: (657) 236-92590
F: (602) 857-8207
E: AdamH@jlohman.com

Attorneys for Plaintiff,
ORVILLE WILLIAMS